## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLENNIUM PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SANDOZ, INC., | ) C.A. No. 1:12-cv-01011–GMS |
| Defendant. | ) |
| | ) |
| | ) |
| MILLENNIUM PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ACCORD HEALTHCARE, INC., | ) C.A. No. 1:12-cv-01490-GMS |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| MILLENNIUM PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ACTAVIS LLC f/k/a ACTAVIS INC., | ) C.A. No. 1:12-cv-01750-GMS |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Millennium Pharmaceuticals, Inc. ("Millennium") and Defendants Sandoz, Inc. ("Sandoz"), Accord Healthcare, Inc. ("Accord"), and Actavis LLC f/k/a Actavis Inc. ("Actavis") (collectively, "Defendants") are parties to the above referenced patent infringement case (the "Litigation");

WHEREAS, discovery in this Litigation may involve the disclosure of certain documents, things and information in the possession, custody or control of a party or a non-party

that constitute or contain trade secrets or other confidential research, development, manufacturing, regulatory, financial, marketing or other competitive information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure; and

WHEREAS, good cause exists for entry of this Order, *see* Fed. R Civ. P. 26(c), *Pansy v Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); and

WHEREAS, this Protective Order provides reasonable restrictions on the disclosure of such sensitive materials of a confidential nature; and

WHEREAS, all parties agree to the terms of this Protective Order to protect their confidential documents and information;

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c), and the Court having determined good cause exists for entry of this Order,

IT IS HEREBY STIPULATED, AGREED, and ORDERED BY THE COURT, as follows:

01:13519771.1

1.      **Scope of Protective Order.** This Order shall apply to all information, documents, things, responses to discovery, and testimony produced or within the scope of discovery in this Litigation, including, without limitation, all documents or things produced in response to requests for the production of documents and things or subpoenas, answers to interrogatories, responses to requests for admission, testimony adduced at depositions and upon written questions, all other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information furnished, directly or indirectly, by or on behalf of any party to this Litigation or any non-party. The party or non-party producing such information is referred to both in the singular and in the plural hereafter as the "Producing Party," and the party receiving such information is referred to hereafter as the "Receiving Party."

2.      **Definitions.** The term "CONFIDENTIAL INFORMATION" as used herein, is defined as follows:

      A.      "CONFIDENTIAL INFORMATION" means any form of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G). The designation of CONFIDENTIAL INFORMATION by a Producing Party constitutes its representation that it reasonably and in good faith believes that the designated material constitutes or contains information in one or more of the foregoing categories within the meaning of Fed. R. Civ. P 26(c)(1)(G). Further, CONFIDENTIAL INFORMATION includes: (a) all copies, extracts, and complete or partial summaries prepared from CONFIDENTIAL INFORMATION, and (b) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto

that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION.

B.      "CONFIDENTIAL INFORMATION" includes information that is of such a sensitive nature that it supports a reasonable and good faith belief that granting access to such information to an employee or officer of a competitor will place the Producing Party at a competitive disadvantage, including, without limitation:

1.      Non-public financial or marketing information;

2.      Non-public research and development information;

3.      Information relating to products not commercially launched, products in development, and/or the products that are the subject of an Abbreviated New Drug Application ("ANDA") or New Drug Application ("NDA") in-suit and for their active pharmaceutical ingredients ("API"), the characterizations of such ANDA or NDA products and/or APIs, and/or the processes for making them;

4.      The content of non-public pending patent applications, abandoned patent applications, draft patent applications, or proposed patent applications, whether foreign or domestic;

5.      The strategy relating to pending patent applications, abandoned patent applications, draft patent applications, or proposed patent applications, whether foreign or domestic; and

6.      Confidential communications with the United States Food and Drug Administration ("FDA") relating to matters pending in or

01:13519771.1

with the FDA.

3.        **<u>Non-Parties Under the Protective Order</u>.** This Protective Order shall apply to any information provided by a non-party in discovery in the Litigation. With respect to such information provided and so designated by a non-party, such non-party has the same rights and obligations under this Protective Order as held by the Parties to the Litigation, and the Parties will treat such information in accordance with this Protective Order.

4.        **<u>Marking Documents and Things</u>.** Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked respectively with the following legend when the document or thing is produced to the Receiving Party:

CONFIDENTIAL INFORMATION -<br>
SUBJECT TO PROTECTIVE ORDER

When a document contains CONFIDENTIAL INFORMATION of multiple Producing Parties, the document shall clearly designate the Producing Party for the CONFIDENTIAL INFORMATION, which, when possible without undue burden, shall be applied to the sections of the document that contain each Producing Party's CONFIDENTIAL INFORMATION and specify that Producing Party. Anything that cannot be labeled or marked on its face with the legend indicated above shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Material produced without any such legend shall not be subject to the protections afforded such information under this Protective Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with Paragraph 8 of this Protective Order. Inspection of materials shall be conducted only by persons eligible under paragraphs 11 and 12 below. Such persons shall initially treat all materials disclosed during any inspection as containing CONFIDENTIAL

INFORMATION until such materials are produced. Thereafter, such materials shall be treated by the Receiving Party in accordance with the confidentiality designation made at the time of their production.

5.     **Marking Interrogatories, Requests for Admissions, and Deposition Testimony on Written Questions.** Each page of any response to interrogatories, response to requests for admissions, and deposition testimony upon written questions that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked with the appropriate legend indicated in Paragraph 4 when the response or testimony is served upon the Receiving Party. Such responses or testimony served without any such legend shall not be subject to the protections afforded such information under this Protective Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with Paragraph 8 of this Protective Order.

6.     **Marking Deposition Testimony.** Any portion of a deposition may be designated CONFIDENTIAL INFORMATION during the deposition itself. Regardless of whether such a designation is made during the deposition, all testimony adduced at depositions and any transcripts thereof will be presumptively treated as CONFIDENTIAL INFORMATION for a period beginning from the date of the deposition until thirty (30) days after a complete copy of the transcript has been provided to the deponent or the deponent's counsel. Within this thirty-day (30) period, any party may designate any additional portion of any deposition transcript as CONFIDENTIAL INFORMATION by specifying in writing to the court reporter and counsel the portion of the transcript believed to constitute or contain CONFIDENTIAL INFORMATION by page and line number. If no such designation is made during a deposition or the thirty-day (30) period, the transcript from such deposition shall not be subject to the protections afforded

such information under this Protective Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with Paragraph 8 of this Protective Order.

7.     **Limitations on Attendance at Depositions.** Counsel for a Producing Party may request that all persons other than the witness, the court reporter, the videographer, those individuals specified in Paragraphs 11 and 12, and counsel for the witness (if a non-party witness) leave the deposition room during any portion of a deposition that inquires about or discloses subject matter that such counsel deems CONFIDENTIAL INFORMATION. If such individuals fail to comply with such a request, the requesting counsel for the Producing Party may seek relief from the appropriate Court, and, pending resolution of that request, instruct or request the witness not to answer questions relating to, or to limit disclosure of, the CONFIDENTIAL INFORMATION at issue.

8.     **Inadvertent Production of CONFIDENTIAL INFORMATION.** If a Producing Party inadvertently or mistakenly produces any CONFIDENTIAL INFORMATION without labeling, marking, or designating it as provided in this Protective Order, the Producing Party may, within ten (10) business days after learning of the inadvertent or mistaken production, give written notice to the Receiving Party that the material at issue is or contains CONFIDENTIAL INFORMATION and should be treated as such in accordance with this Protective Order. In such instance, the Producing Party shall also provide copies of the material at issue properly marked as required under this Protective Order within a reasonable period of time. Upon receipt of such notice, the Receiving Party shall treat such information consistent with the redesignation. Disclosure of such information to persons not authorized to receive CONFIDENTIAL INFORMATION prior to receipt of such notice shall not be deemed a violation of this Protective Order.

Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Protective Order, (b) within three (3) business days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and request such person to sign the Undertaking in the form attached hereto as Exhibit A, and (c) within five (5) business days of the discovery of such disclosure, provide written notice to the Producing Party of the unauthorized disclosure, including the identity of the unauthorized recipient and the confidential information disclosed.

9.        **Inadvertent Production of Privileged or Work Product Information.** Under Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, incorporated here by reference, the inadvertent production during discovery of any document or other information subject to the attorney-client privilege, work-product immunity, or other privilege shall be without prejudice to any claim that such material is privileged or protected from discovery. Upon receiving a written request to do so from the Producing Party, the Receiving Party shall immediately sequester or return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The Receiving Party also shall sequester or destroy any copies, extracts, and complete or partial summaries relating to any such inadvertently or mistakenly produced information. The Receiving Party may move the Court for an Order compelling the production of such information, but such a motion does not relieve the Receiving Party of complying with the immediately preceding two sentences of this Order. The Producing Party shall retain copies of all returned documents and

tangible things, and if such a motion is filed by the Receiving Party, shall upon request provide copies to the Court of the documents, things, or information that are the subject of the motion. The party claiming privilege or work product protection shall have the burden of proving that such privilege or work product protection exists.

10.   **Disclosure and Use of Designated Materials.** Subject to the limitations and restrictions of this Protective Order and any further order of the Court, material designated CONFIDENTIAL INFORMATION as described in this Protective Order may only be used for purposes of this Litigation. Such material shall remain confidential at trial, and during any appeals to the Litigation, except to the extent made public in open court, and may not be used for any purpose or in any manner other than as permitted by this Protective Order or by further order of the Court.

Material designated CONFIDENTIAL INFORMATION, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the Receiving Party to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the Receiving Party for any purpose other than in connection with this Litigation, and no other, and expressly prohibiting, without limitation, use for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose. Absent written consent of the Producing Party and/or further order of this Court, all persons receiving information designated CONFIDENTIAL INFORMATION are expressly prohibited from using or disclosing such information in connection with any practice before or communication with (including, but not limited to, patent applications, citizens petitions, and other filings) the United States Patent and Trademark Office, the FDA, the United States

Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction.

11.     **Access    to    CONFIDENTIAL    INFORMATION.**    CONFIDENTIAL

INFORMATION as described in this Protective Order may be disclosed to:

A.     Litigation counsel of record for the Parties and their partners, associates,

paralegals, secretaries, employees, and agents, as well as outside copying,

graphic, or design services, computer services, trial consultants, court

reporters performing services in conjunction with this Litigation, and other

such litigation-related services, who are assisting in the prosecution or

defense of the Litigation provided that any such litigation counsel with

access to CONFIDENTIAL information does not, and will not, until one

(1) year after the termination of this litigation (including any appeals) or

unless authorized by the Court, engage, formally or informally, in any

patent prosecution of claims relating to bortezomib, or formulations

containing bortezomib, or processes for making bortezomib.   The

foregoing restrictions of this Paragraph 11(A) shall apply only to

individuals having access to CONFIDENTIAL INFORMATION, and not

to the firms or organizations by which they are employed;

B.     Subject to the provisions described later in this paragraph, two (2) in-

house attorneys each for Millennium, Sandoz, Accord, and Actavis, and

their support staff assisting in the prosecution or defense of this action

whose duties and responsibilities require access to material designated

CONFIDENTIAL INFORMATION; provided, however, that any such in-

house attorney shall be identified in writing to the Producing Party;

- For Millennium:  To be identified later

- For Sandoz:   Brian Hirsch and an additional attorney to be identified later.

- For Accord:  To be identified later

- For Actavis:  Jim Mahanna and Amy Hulina.

C.     Subject to the provisions described later in this paragraph, outside consultants or experts regarding any issue in this Litigation who are not current employees of any of the Parties to this Litigation, whose advice and consultation are being or will be used in connection with this Litigation, including their stenographic and clerical personnel;

D.     Courts before which these actions are pending and their authorized staff, court reporters, and the jury;

E.     Any interpreter or translation service, and any typist or transcriber used thereby; and

F.     A party's outside copying, exhibit preparation, and computerized litigation support and information management services.

Prior to disclosure of CONFIDENTIAL INFORMATION to any of the persons described in subparagraphs (B) and (C), counsel for the Receiving Party shall first obtain from each such person a signed Undertaking substantially in the form annexed as Exhibit A. CONFIDENTIAL INFORMATION shall not be disclosed to any such person for a period of five (5) business days after serving the Producing Party with such Undertaking and a curriculum vitae or resume (including employment history and list of publications, and identifying any consulting work for the Parties or related entities) for any outside consultant or expert under subparagraph (C).

Service of the Undertaking shall be made by electronic mail. The parties may agree in writing to shorten the waiting period for disclosure of CONFIDENTIAL INFORMATION and agree that individuals identified by name above in subparagraphs (B) are not subject to the waiting period. Counsel for the Producing Party may within five (5) business days after service of the Undertaking serve an objection if a reasonable basis for such objection exists. CONFIDENTIAL INFORMATION will not be disclosed to the person as to whom objection was served, absent agreement by the Producing Party who served the objection. If no such agreement is reached within ten (10) business days after service of the objection, counsel for the Producing Party who served the objection may seek relief from the Court pursuant to the Court's dispute procedure set forth in the scheduling order for an order denying disclosure of any CONFIDENTIAL INFORMATION to the person as to whom the objection was served no later than five (5) business days after expiration of the ten (10) day period to raise an objection. If the Producing Party seeks such relief, CONFIDENTIAL INFORMATION shall not be disclosed to the person as to whom the objection was served until the Court orders or agreement is reached that such disclosure may be made. Failure to timely contact the Court pursuant to the Court's discovery dispute procedure set forth in the scheduling order shall operate as a waiver of such objection.

Any vendor described in subparagraph 11(F) who is accessing CONFIDENTIAL INFORMATION on behalf of a party shall return to the party's counsel all copies of such documents as soon as the information has been encoded and loaded into the computer, copied, prepared or otherwise processed by the vendor. Any vendor providing a party with on-going access to CONFIDENTIAL INFORMATION shall provide limited and secure access to the information (such as information stored on a computer) and the vendor will take steps to provide access (e.g, through access codes or passwords) only to people who are entitled to access it under

this Protective Order (including people retained or employed by the vendor entitled to such access).

The "in-house attorney" identified in subparagraph (B) shall include employees of a party (or affiliate or parent company) who manage patent litigation as part of their regular duties, but are located outside of the United States. Such "in-house attorney" must further agree in writing that from the date of signing the Undertaking until one (1) year after the termination of this litigation (including any appeals) as to that party, or unless authorized by the Court, such "in-house attorney" will not:

(i) engage in the prosecution of any patent claims relating to bortezomib, isomers thereof or formulations containing bortezomib, or processes for making bortezomib, e.g., shall not draft patent applications and amendments and responses to PTO actions, suggest language for patent claims, or review drafts of patent applications and amendments and responses to PTO actions prepared by others before submission;

(ii) draft or review drafts of any submissions to the FDA that may affect the approval of an ANDA or NDA of another party to this protective order (including, but not limited to, citizen petitions,APA litigation) concerning products containing bortezomib; and

Nothing in Paragraph 11 shall preclude litigation counsel of record or the in-house counsel identified in subparagraph (B) from involvement in opposition or post-grant proceedings before the United States Patent and Trademark Office or any foreign patent-granting authority or from supervising in-house counsel who directly engage in such post-grant proceedings or foreign prosecution.

01:13519771.1

The parties may, as necessary, on a one-for-one basis substitute other in-house counsel for the above-listed individuals, provided that the party making such a substitution gives the other party five (5) days written notice prior to said substitution.

12.   **Disclosure to Other Individuals.** CONFIDENTIAL INFORMATION may be disclosed also to persons not identified in paragraph 11 as follows:

A.   CONFIDENTIAL INFORMATION may be disclosed to persons not identified in paragraph 11 as agreed by the Producing Party;

B.   Any Receiving Party may move the Court for an Order that a person not identified in paragraph 11 be given access to information designated CONFIDENTIAL INFORMATION. If the motion is granted, such person may have access to the CONFIDENTIAL INFORMATION after first signing an Undertaking substantially in the form of Exhibit A attached hereto;

C.   CONFIDENTIAL INFORMATION may be disclosed to and/or used to examine, at deposition, at trial, or at any other court hearing: (i) an individual who prepared, received, reviewed, or had knowledge of the CONFIDENTIAL INFORMATION as demonstrated by the CONFIDENTIAL INFORMATION itself or foundation testimony and/or (ii) a currently employed officer or director of a Producing Party but only the CONFIDENTIAL INFORMATION of the Producing Party; and

D.   A party may disclose or use in any manner or for any purpose any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION.

13. **No Cross Production Of Defendants' Confidential Information.** Notwithstanding paragraph 7(f) herein, a Producing Party Defendant's CONFIDENTIAL information will not be disclosed to in-house counsel for any other Defendant.

14. **Request for Production in Another Action.** If any Receiving Party (a) is subpoenaed or served with a demand in an action not subject to this Protective Order, or (b) is served with any legal process by a non-party, seeking any material designated CONFIDENTIAL INFORMATION, such Receiving Party shall object to its production to the extent permitted by law and shall give prompt written notice to the Producing Party. Should the person seeking access to the material designated CONFIDENTIAL INFORMATION take action against such Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, such Receiving Party shall respond by setting forth the existence of this Protective Order.

15. **Filing Under Seal.** If any party files CONFIDENTIAL INFORMATION (including confidential portions of documents or transcripts) or any document, pleading, or brief that discloses the substance or content of CONFIDENTIAL INFORMATION in connection with any motion, other written submission, hearing or trial in this action, the filing party shall make such filing under seal in accordance with Local Civil Rule 5.1.3, the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, and any other procedures required by the Court; provided, however, that the burden of proving that such information should be sealed shall at all times remain on the party which designated the information CONFIDENTIAL INFORMATION.

16. **Court Proceedings.** With respect to testimony elicited during hearings, trial or other court proceedings, whenever counsel for any party deems that any question or line of

questioning calls for the disclosure of CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that such disclosure is subject to this Order. Whenever matter designated CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person.

17. **Challenging Designations.** The acceptance by the Receiving Party of material designated CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential. Any Receiving Party may at any time request that the Producing Party cancel or modify a CONFIDENTIAL INFORMATION designation. Such request shall be made to counsel for the Producing Party in writing and shall particularly identify the designated CONFIDENTIAL INFORMATION that the Receiving Party contends is not CONFIDENTIAL INFORMATION and the reasons supporting that contention. If the Producing Party does not agree to remove or modify the CONFIDENTIAL INFORMATION designation within ten (10) business days of such request, the party contending that such documents or material are not properly designated may request by motion that the Court change the designation or remove such material from any or all of the restrictions of this Protective Order. On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION warrants the applicable protections under this Protective Order.

18. **Limitations on Advice to Clients.** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client, and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such

client, the attorney shall not disclose any CONFIDENTIAL INFORMATION to unauthorized persons.

19.    **No Expansion of Federal Rules of Civil Procedure.** Nothing in this Protective Order shall be construed (1) to affect or govern the scope of discovery in this Litigation; (2) to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure; (3) to require a party to produce any CONFIDENTIAL INFORMATION that is not relevant and discoverable pursuant to Fed. R. Civ. P. 26 and the surrounding case law; (4) to preclude any party from moving the Court for an order compelling production or disclosure of such material; or (5) to require production or disclosure of any CONFIDENTIAL INFORMATION deemed by counsel for the Producing Party to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure.

20.    **Discoverability of Expert Materials.**  Federal Rule of Civil Procedure 26(b)(4) shall govern discovery of communications between counsel and any independent expert or consultant retained or specially employed by that counsel.  To the extent not protected under Rule 26(b)(4), all communications between counsel and the expert relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers, notes, and communications relating thereto, shall be deemed exempt from discovery to the extent not relied upon by a testifying expert witness and shall not be used at trial.

21.    **Waiver or Termination of Order; Survival of Obligations under Protective Order.** No part of the restrictions imposed by this Order may be waived or terminated, except by

written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. This Protective Order shall survive the final termination of this Litigation, including all appeals, and continue to bind all persons to whom CONFIDENTIAL INFORMATION is disclosed hereunder to the extent such material is not, or does not become, known to the public. The Court retains jurisdiction subsequent to any settlement or entry of judgment to enforce the terms of this Protective Order.

22.     **Handling of CONFIDENTIAL INFORMATION at the Conclusion of the Litigation.** Upon final termination of this Litigation, including all appeals, outside counsel for Receiving Party may retain a complete set of their case files for this matter, including all pleadings, briefs, motions, communications and other documents actually filed with the Court and/or served on opposing counsel (such as discovery requests and responses) that may include CONFIDENTIAL INFORMATION, deposition transcripts, deposition exhibits, expert reports, and the trial record, as well as any notes, summaries, or other work files prepared by attorneys or outside experts or consultants, derived from or containing CONFIDENTIAL INFORMATION. All other materials designated CONFIDENTIAL INFORMATION shall be: (i) assembled and returned (except for any that may be retained by the Court) to the Producing Party; or, alternatively, (ii) destroyed by counsel for the Receiving Party, except that Material contained in e-mails, back-up tapes, and/or other electronic formats shall not be subject to the return or destroy requirement. All recipients of CONFIDENTIAL INFORMATION shall certify in writing within sixty (60) days of the conclusion of the Litigation that they have complied with the provisions of this Paragraph.

As to CONFIDENTIAL INFORMATION stored in computer databases or backup tapes or disks, within sixty (60) days of the conclusion of the Litigation, the Receiving Party shall

either delete all such information or secure it in a manner reasonably calculated to prevent unauthorized access to it.

23.   **Publicly Available Information.** The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION shall not apply to any information that the Producing Party agrees, or the Court rules, (a) should not be designated as such; (b) is or has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or agents in violation of this Protective Order; or (c) has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to the Producing Party. The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

24.   **Notices.** Notices under this Protective Order shall be provided to the parties' respective counsel by electronic mail, unless this provision is modified by the parties in writing. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the close of the business day that the electronic mail was received in the office of counsel.

A.   Notice to Millennium shall be to:

Jack B. Blumenfeld
Maryellen Noreika
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
E-mail: jblumenfeld@mnat.com
E-mail: mnoreika@mnat.com

William F. Lee
Lisa J. Pirozzolo
Emily R. Whelan
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Robert M. Galvin
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000


B.     Notice to Sandoz shall be to:

Jack C. Phillips
Megan C. Haney
Phillips, Goldman & Spence
        1200 North Broom Street
        Wilmington, Delaware  19806-4204
(302) 655-4200
jcp@pgslaw.com
mch@pgslaw.com


James F. Hurst
Raymond C. Perkins
Kathleen B. Barry
Mary T. McCarthy
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600
jhurst@winston.com
rperkins@winston.com
kbarry@winston.com
mmccarthy@winston.com


C.     Notice to Accord shall be to:
       Adam W. Poff
       Monte T. Squire
       Rodney Square
       YOUNG, CONAWAY STARGATT & TAYLOR LLP
       1000 North King Street
       Wilmington, DE 19801

 (302) 571-6600
E-mail: apoff@ycst.com
E-mail: msquire@ycst.com


Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
Paul A. Braier, Ph.D.
Jill M. Browning
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191


D.      Notice to Actavis shall be to:

Steven J. Fineman
Jason J. Rawnsley
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
rawnsley@rlf.com

Gary E. Hood
Polsinelli Shughart
161 N. Clark Street
Suite 4200
Chicago, IL 60601
T: (312) 819-1900
F: (312) 819-1910
ghood@polsinelli.com

Pamela Fekete
Polsinelli Shughart
805 Third Avenue
Suite 2020
New York, New York 10022
pfekete@polsinelli.com

25.     **<u>Entry of Protective Order.</u>** Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

Dated:  April 11, 2013

/s/ Maryellen Noreika

_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT &TUNNELL
LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Millennium
Pharmaceuticals, Inc.*


/s/ Jason J. Rawnsley

_____

Steven J. Fineman (#4025)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON, & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
rawnsley@rlf.com

*Attorneys for Defendant Actavis LLC f/k/a
Actavis Inc.*

/s/ Adam W. Poff

_____

Adam W. Poff (#3990)
Monte T. Squire (#4764)
Rodney Square
YOUNG, CONAWAY STARGATT &
TAYLOR LLP
1000 North King Street
Wilmington, DE 19801
 (302) 571-6600
apoff@ycst.com
msquire@ycst.com

*Attorneys for Defendant Accord Healthcare,
Inc.*


/s/ Megan C. Haney

_____

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, GOLDMAN &SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com
mch@pgslaw.com

*Attorneys for Defendant Sandoz, Inc.*


IT IS SO ORDERED this _____ day of _____, 2013.

_____

Chief, United States District Judge

01:13519771.1